HICKS *v.* HERBERT.

*(Nashville,* December Term, 1937.)

Opinion filed March 9, 1938.

WALKER & HOOKER, of Nashville, for plaintiff in error.

TRABUE, HUME & ARMISTEAD, of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit for personal injuries sustained by Hicks in an automobile accident. The car in which Hicks was riding as a guest was being driven by defendant, Herbert, at the time of the accident. The trial judge directed a verdict in favor of the defendant. The Court of Appeals reversed the judgment below and remanded the case, with directions that it be submitted to a jury. This court granted defendant's petition for *certiorari.*

We have reviewed the facts fully in a memorandum filed, and a detailed statement thereof is not necessary in this opinion. The plaintiff, the defendant, and two others had driven out of Nashville in defendant's car for an afternoon of recreation. They stopped at a hunting lodge for a while and later went to a tea room near Columbia. They left Nashville about 1 o'clock and started back from the tea room about 7. During the afternoon the party had consumed nearly four pints of whisky. Defendant had eaten nothing or, if anything, very little.

When the party left the tea room every one present, except plaintiff, testified that defendant was drunk and in no condition to drive an automobile. Plaintiff testified that, while defendant was under the influence of liquor to some extent, he (plaintiff) thought defendant capable of safely driving an automobile.

Plaintiff insisted on driving when the party left the tea room over defendant's protest. Defendant protested so strongly that, within a few miles, plaintiff surrendered the wheel to defendant. Defendant at once put the car up to a speed of about 65 miles an hour and, endeavoring to pass a truck, within about 2 miles after he began to drive, defendant ran the car off the road into a pole or post. The car was wrecked, one of the occupants

killed, and plaintiff severely injured. It is conceded that defendant was driving negligently and that his negligent driving was the proximate cause of the accident.

The trial judge directed a verdict for defendant on the ground that his intoxication was obvious and that in turning over the wheel to defendant and riding in the car driven by a man in defendant's condition plaintiff was guilty of such contributory negligence as to bar his recovery. This on the authority of *Schwartz* v. *Johnson,* 152 Tenn., 586, 280 S. W., 32, 47 A. L. R., 323, and other decisions of this court.

The Court of Appeals thought the question of the contributory negligence of defendant should have been submitted to the jury. That court was of opinion that plaintiff's testimony that he did not regard defendant as intoxicated constituted material evidence of lack of knowledge of defendant's condition on the part of plaintiff. As we understand the opinion, the Court of Appeals regarded actual knowledge by plaintiff of defendant's intoxication as essential to sustain the defense of contributory negligence.

We think the Court of Appeals took a mistaken view. Plaintiff is not on trial here for homicide. His contributory negligence is not to be determined, as would his plea of self-defense, on the circumstances as they appeared to him. Whether or not plaintiff was contributorily negligent is to be determined by comparing his conduct with that of an ordinarily prudent man under like circumstances. It was not necessary for the defendant, relying on plaintiff's contributory negligence, to prove actual knowledge of defendant's intoxication on the part of plaintiff. If an ordinarily prudent man under the circumstances we have related would have re-

garded defendant as intoxicated and appreciated his condition, such knowledge and appreciation must be imputed to plaintiff.

Plaintiff was in a position to see just as much of defendant and of defendant's condition as were the other witnesses testifying in the case. Defendant was in such condition as to make it apparent to all the other witnesses that he was drunk and in no fix to drive an automobile. We do not see how any reasonable person could have reached a different conclusion under the circumstances.

■ We think the record discloses a case in which it appears "that reasonable men, acting as the triers of the fact, would find, without any reasonable probability of differing in their views, either that the plaintiff knew and appreciated the danger, or that ordinarily prudent men, under the same circumstances, would readily acquire such knowledge and appreciation." See *Stevens* v. *United Gas, etc., Co.,* 73 N. H., 159, 60 A., 848, 850, 70 L. R. A., 119; *Gentzkow* v. *Portland R. Co.,* 54 Or., 114, 102 P., 614, 135 Am. St. Rep., 821.

■ Such being the plight of the record, the trial judge did not err in holding as a matter of law that plaintiff was guilty of contributory negligence, barring his recovery.

■ Much is said by counsel for plaintiff about his relations, personal and business, with defendant, and plaintiff's natural disinclination to risk a break of these relations which his refusal to turn the car over to defendant or refusal to ride with defendant would have caused. Much is also said about the fact that plaintiff was down at Columbia, was anxious to get home, and had no readily available means of getting back except in defendant's

automobile. We do not think such considerations can relieve one of responsibility for contributory negligence. Naturally plaintiff did not want to risk the loss of a friend or of a customer nor to be troubled and delayed seeking other means of transportation to Nashville. To avoid these disagreeable possibilities, plaintiff, as another occupant in the car said he did, "took a chance" on defendant's driving. Under the law, he must accept the consequences of his venture.

No emergency confronted plaintiff. The hour was early. There was no stress of weather, and we know that means of conveyance over this highway are abundant.

Court of Appeals reversed, circuit court affirmed. Suit dismissed.