WALTER BURKETT, Administrator of Raymond
Maxwell Burkett, Deceased, Plaintiff-in-Error,
v. MRS. DOROTHY GIBBS JOHNSTON,
Defendant-in-Error.—282 S. W. (2d)
647.

Western Section. January 13, 1955.

Petition for Certiorari denied by Supreme Court, May 6, 1955.

Lowell Taylor, of Memphis, and Robert P. Adams, of Trenton, for plaintiff in error.

Marion H. Holmes, Jr., and Holmes & Holmes, all of Trenton, for defendant in error.

CARNEY, J. This is an appeal by the defendant below from a judgment of $7,500 in favor of the plaintiff, Mrs. Dorothy Gibbs Johnston, for the unlawful death of her husband, Thomas Jefferson Johnston.

Plaintiff-in-error has made eight Assignments of Error. Assignment of Error #1 is directed to the action of the Trial Court in refusing to sustain the defendant's

Motion for a Directed Verdict at the conclusion of all the proof. Therefore, we will discuss first the evidence as presented:

On Sunday morning, May 17, 1953, about 6:30 A. M. the passenger automobile owned by the deceased, Raymond Maxwell Burkett, was discovered by passersby on State Highway 54 between Trenton, Tennessee, and Alamo, Tennessee, at a point about five miles southwest of Trenton. The highway from Trenton to Alamo runs in a southwesterly direction.

The front end of the automobile was smashed and damaged. The deceased, Raymond Maxwell Burkett, owner of the car, was dead under the wheel and beside him on the right front seat was the body of Thomas Jefferson Johnston, plaintiff's intestate.

The car was upright at right angles to the center of the road with the front end of the car pointed eastward and located off the pavement, over against the north end of the abutment of a concrete culvert. The back of the car was on the black top pavement of the road. There was a tire mark on the east shoulder which extended for a length of sixty feet up to the north end of the concrete culvert. There were no eye witnesses to the accident, but the proof showed that the previous night had been stormy and rainy, and there was blood inside the car and other damages indicating that the two people had met death as a result of the collision of the automobile with some object.

At this point on the highway, the highway is straight and level, and the blacktop pavement was twenty-two feet wide and the concrete culvert was over about 8½ feet from the east margin of the blacktop.

The Highway Patrolman testified that when he was removing identification papers from the dead men he

smelled alcohol on both the bodies and that in the glove compartment there was a half-pint bottle and a pint bottle, both containing whiskey. One bottle was slightly less than half full and in the other bottle there was only about an inch or two of whiskey, but he did not remember which was which.

The record is entirely silent as to when the men got together, where they had been or as to where they were going.

Plaintiff's Declaration was in two Counts. The First Count alleged that the plaintiff's intestate was a guest in the car of Burkett and that the said "Burkett negligently drove said automobile off or partly off the left side of said highway and into or against the concrete abutment of a bridge or culvert."

The Second Count alleged that the said "Burkett negligently, and without having said automobile under control, drove said automobile too near the right hand margin of the surface of said highway, so that the right wheels left the paved surface and went onto the dirt shoulder which was muddy and slick; that said Burkett lost control of said automobile and the same slid or rolled across to the left side of said highway and left, or partly left, the paved surface on the left side and ran into and against the concrete abutment of a bridge or culvert with such force as to wound and kill the said Thomas Jefferson Johnston."

The defendant filed pleas denying all negligence and also pleaded that the plaintiff's intestate was guilty of contributory negligence. The defendant also filed this additional plea:

"That if Thomas Jefferson Johnston was injured and died, as averred in the Declaration, and each count thereof, he assumed and incurred all of the

risk of travel incident to and, resulting from the way and manner, in which the automobile, in which he was riding, was being driven and operated at the time and place averred in plaintiff's declaration, and each count thereof, and under the conditions then and there existing, and for which this defendant is not liable.''

Defendant-in-error admits there is no evidence to sustain Count 2 of the Declaration, but insists that Count One is sufficient to sustain the verdict.

In considering whether a verdict should have been directed for the defendant, we must look to all the evidence, take as true the evidence for plaintiff, discard all countervailing evidence, and allow all reasonable inferences of evidence in favor of the plaintiff. Everett v. Evans, 30 Tenn. App. 450, 207 S. W. (2d) 350.

In the case at Bar, so far as the record shows, there were no eye witnesses to the events which resulted in the unfortunate death of these two people, and the plaintiff relied upon circumstantial evidence to prove her case. Judge Felts in Everett v. Evans, 30 Tenn. App. 450, 207 S. W. (2d) 350, 352, announces what we believe to be the general rule concerning the application and effect of a case in which plaintiff relies wholly or in part upon circumstantial evidence to make out his case.

''(2, 3) A case may be made out by direct evidence, circumstantial evidence, or by a combination of direct and circumstantial evidence. If the evidence for plaintiff, together with all the reasonable inferences therefrom, made her theory more probable than any other, this was enough to take the case to the jury and to support the verdict. Law v. Louisville & N. R. Co., 179 Tenn. 687, 699, 170 S. W. (2d) 360; New York Life Ins. Co. v. Nashville Trust

Co., 178 Tenn. 437, 159 S. W. (2d) 81; Bryan v. Aetna Life Ins. Co., 174 Tenn. 602, 130 S. W. (2d) 85; Phillips v. Newport, 28 Tenn. App. 187, 187 S. W. (2d) 965.

"But if the evidence for plaintiff, together with all such inferences therefrom, made her theory no more probable than the contrary of it; if such evidence and inferences left it a matter of equal probability whether plaintiff's injuries were caused by defendant's negligence or by some other cause for which he would not be responsible; that is, if it was a matter of speculation and conjecture how the accident happened, then a verdict should have been directed for defendant. Buckeye Cotton Oil Co. v. Campagna, 146 Tenn. 389, 242 S. W. 646; Pennsylvania R. Co. v. Chamberlain, 288 U. S. 333, 53 S. Ct. 391, 77 L. Ed. 819; Nichols v. Smith, 21 Tenn. App. 478, 489, 111 S. W. (2d) 911, 918; Willis v. Heath, 21 Tenn. App. 179, 186, 107 S. W. (2d) 228, 233; Phillips v. Newport, 28 Tenn. App. 187, 187 S. W. (2d) 965, 971."

Prosser on Torts—1941—at page 291 defines circumstantial evidence as follows:

"Circumstantial evidence is evidence of a fact or set of facts from which the evidence of another fact may be reasonably inferred. It involves not only the assertion of witnesses as to what they have observed, but a process of reasoning by which a conclusion is drawn. Negligence may, of course, be proved by circumstantial evidence. The testimony of eye witnesses of the actor's conduct is not required and it may be inferred from the proof of other facts and circumstances."

When we analyze and review the evidence presented in behalf of plaintiff's case in light of the expressions set

out above, we are of the opinion that the jury might well have inferred that since the deceased, Burkett, was proven to be the owner of the passenger automobile involved in the death, and the deceased, Burkett, was found dead under the wheel of his automobile, that Burkett was driving said automobile at the time of his death. Likewise, we think that since the deceased, Johnston, was found dead on the seat beside Burkett, and there was no evidence indicating to the contrary, the jury could have found that Johnston was an invited guest in the car of Burkett.

Since there was damage to the front end of the automobile a little to the left of center, and since there was an automobile track on the dirt shoulder extending for a distance of 60 feet from the east edge of the blacktop to the north end of the concrete culvert, and the damaged car was found with the front end up against this same culvert, the jury could well infer and find as a fact that Burkett's Dodge automobile was the one which ran off the east side of the black top pavement and made the 60 foot track and ran into the north end of the culvert, and that said automobile was being driven at such a speed and hit the culvert with such force as to kill both occupants of the automobile, and then the rear end of the automobile skidded across the highway with the right end nosed up against the culvert.

Of course, technically and theoretically, some other automobile could have made the 60-foot track leading from the east edge of the blacktop to the north end of the culvert, or from the north end of the culvert, along the shoulder to the east edge of the blacktop, but we think the evidence preponderates in favor of plaintiff's theory that this track was made by the automobile of the deceased, Burkett.

Judge Hickerson, in the case of Phillips v. Newport, 28 Tenn. App. 187, 187 S. W. (2d) 965, 971, in discussing the general requirement that circumstantial evidence supporting the plaintiff's case must tend to exclude other reasonable hypotheses, had this to say:

" 'Tend to exclude,' as this term is used in decisions relating to circumstantial evidence, does not mean that the proved circumstances must be inconsistent with other contrary theories. It is sufficient if such facts and circumstances create a preponderance of evidence in favor of the fact to be proved and against contrary hypotheses. If the evidence preponderates in favor of plaintiffs' theory, such evidence 'tends to exclude' defendants' theory, because the theory of plaintiffs is more probable than the theory of defendants.

"(7-9) Any fact may be proved by direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. In civil cases facts are proved by a preponderance of the evidence. If unequal conflicting probabilities, or unequal inconsistent theories are shown by the evidence; or if the minds of reasonable men might differ from the proved facts as to whether the conflicting probabilities, or inconsistent theories, are equally supported by the evidence, the case must go to the jury."

As said by Judge McAmis in American Trust & Banking Co. v. Parsons, 21 Tenn. App. 202, 209, 108 S. W. (2d) 187, 191: "In the absence of any explanation on the part of Mr. Crews, the fact that when the collision occurred he was upon the wrong side of the highway would leave an inference that he had lost control of his car as a result of his own negligence."

■ We think the evidence was sufficient to take plaintiff's case to the jury and His Honor correctly overruled defendant's Motion for a Directed Verdict, and Assignment of Error #1 must be respectfully overruled.

Likewise, Assignment of Error #2 that there is no evidence to support the verdict must also be overruled in view of our statements above.

■ Assignment of Error #3 assails the action of the Trial Judge in charging the jury as follows:

"* * * The proof in this case brings it within the scope of the doctrine of res ipsa loquitur.

"Res ipsa loquitur means 'the thing speaks for itself,' and more precisely it has the effect that whenever a thing that produced an injury is shown to have been under the control and management of the defendant or the defendant's intestate and the occurrence is such as in the ordinary course of things or events does not happen, if due care has been exercised, the fact of the injury itself will be deemed to afford sufficient evidence by way of inference to support a recovery in the absence of any explanation by the defendant, tending to show that the injury was not due to his want of care. This doctrine, therefore, gives rise to a form of circumstantial evidence, which permits you gentlemen of the jury to choose the inference of the defendant's negligence in preference to other permissible reasonable inferences from all the facts and circumstances of this case."

The doctrine of res ipsa loquitur has been approved and applied in Tennessee Courts in numerous cases, and it would unduly prolong this opinion for us to review, discuss and distinguish the many cases where it has been applied. We refer particularly to the case of Boykin v. Chase Bottling Works, 32 Tenn. App. 508, 222 S. W. (2d)

889, in which the opinion was prepared by the late and lamented Presiding Judge Anderson of this Court. A very illuminating discussion of the doctrine and application of res ipsa loquitur is to be found in that opinion.

From 222 S. W. (2d) at page 895 of said opinion we quote as follows:

"(5) The doctrine of res ipsa loquitur is based on everyday experience and provides a formula for testing the relevancy or probative value of the circumstances immediately attending an injury, with a view of determining whether the inferences to be drawn therefrom furnish a rational basis for a conclusion that it is more likely than not that (1) the injury was due to the negligence of some one, and (2) that the defendant was the responsible party. Otherwise stated, it is a mere formula for subjecting the circumstances to the test of every day experience to determine whether a reasonable mind might accept the inferences to be drawn from the circumstances as adequate to support a conclusion with respect to the two determinative propositions. As more tersely said, the doctrine 'is not an arbitrary rule (but) is rather a common sense appraisal of the probative value of circumstantial evidence.' George Foltis, Inc., v. [City of] New York, 287 N. Y. 108, 38 N. E. (2d) 455, 153 A. L. R. 1122; Quinley v. Cocke, 183 Tenn. 428, 438, 192 S. W. (2d) 992.

"It may not be amiss to point out that some times it is said that where the res ipsa rule is applicable the defendant's negligence is, or may be, inferred from the fact of the injury. This is inaccurate and confusing: The basis for the inference is not the fact of the injury but the circumstances immediately attending it."

Also from Prosser on Torts—1941—Res Ipsa Loquitur, page 303, we quote as follows:

"The majority of the American courts regard res ipsa loquitur as nothing more than one form of circumstantial evidence. 'When the facts and circumstances from which the jury is asked to infer negligence are those immediately attendant upon the occurrence, we speak of it as a case of 'res ipsa loquitur;' when not immediately connected with the occurrence, then it is an ordinary case of circumstantial evidence.' This usually means that the inference of negligence to be drawn from the circumstances is left to the jury. They are not compelled to find it. The plaintiff escapes a nonsuit, or a dismissal of his case; but no burden of introducing evidence is cast upon the defendant, in the sense of a directed verdict against him if he fails to do so—if he introduces no evidence at all, the jury may still find in his favor. The reason is that in the ordinary case, such as that of an automobile unaccountably leaving the highway, or a stationary car starting into motion, reasonable men may differ as to the conclusion to be drawn, both as to the probable cause of the event, and the likelihood that negligence was associated with it. Many inferences are possible, and none of them is so clear that the court can say that it is compulsory. There are cases, however, such as that of the barrel of flour falling from the defendant's warehouse window, where the inference of negligence is so clear that no reasonable man could fail to accept it; and in such cases, if the defendant offers no explanation, a verdict must be directed for the plaintiff. In other words, the procedural effect of a res ipsa case is a matter of the strength of the inference to be drawn,

which will vary with the circumstances of the case.''

Likewise, we refer particularly to the case of Sullivan v. Crabtree, 36 Tenn. App. 469, 258 S. W. (2d) 782, in which the plaintiff's intestate was killed while riding as a guest in a motor truck which swerved off the highway and overturned down a steep embankment. The driver of the truck in that case acually testified in Court that he did not know exactly what caused him to lose control of the truck; the brake on one wheel could have grabbed, or he did not know just exactly what happened. There was a jury verdict in favor of the the defendant, and the plaintiff appealed insisting that the doctrine of res ipsa loquitur applied and required a directed verdict in favor of the plaintiff against the defendant for negligence on the part of the defendant. Judge Felts made an exhaustive review and discussion of the Tennessee cases and cases from other jurisdictions relating to the procedural effect of the application of the doctrine of res ipsa loquitur. The Court held that the doctrine was applicable in favor of the plaintiff sufficiently to take the case to the jury, but that it did not require a directed verdict in favor of the plaintiff as to the defendant's negligence and that the jury was justified in rejecting plaintiff's theory and finding for the defendant.

That portion of His Honor's charge assailed under Assignment #3 followed the opinion of Judge Felts in Sullivan v. Crabtree, supra, and we think the facts of this case are sufficiently analogous to bring them within the ruling of Sullivan v. Crabtree, and we find no error in that portion of His Honor's charge. Therefore, Assignment of Error #3 must be respectfully overruled.

We have considered Assignment of Error #5 complaining of a portion of His Honor's charge relating to the quantum of proof required of the plaintiff, and in

our opinion, this part of the charge did not prejudice the defendant, and therefore, the Assignment of Error must be respectfully overruled.

We have considered Assignments of Error #6 and #7 relating to refusal by His Honor to grant the defendant's Special Requests tendered to the Court, and we think, under the facts of the case and the charge as given by His Honor, it was not error to refuse these Special Requests. Therefore, Assignments of Error #6 and #7 must be respectfully overruled.

Assignment of Error #8 is as follows:

"8. The Court erred in refusing to permit counsel for defendant to argue to the jury permissible inferences to be drawn from the evidence that the odor of whiskey was detected on both of the deceased, and that two partially full bottles of whiskey were found in the car.

"This was error and manifestly prejudicial to defendant, because the defendant was entitled to ask the jury to infer that the accident was a direct and proximate result of the condition or conduct of the plaintiff's intestate, as well as that of defendant's intestate."

After the evidence was all presented, attorneys for plaintiff presented a motion that attorneys for defendant not be allowed to argue to the jury that Burkett and Johnston were under the influence of intoxicants at the time of their fatal injuries. His Honor, the Trial Judge, responded that while the attorneys had not as yet made the argument, yet if they did make such argument as that the parties were out drinking the night before, or drunk, he would sustain an objection to it. The Court stated that, in his opinion, it was competent to show that whiskey was found in the car and that there was the odor

of alcohol about the parties, but that it would be prejudicial to argue that the decedents were under the influence of an intoxicant.

Attorneys for defendant-in-error insist that since the argument was never actually made and excepted to, the Assignment of Error is not well founded. With this we must respectfully disagree.

His Honor, the Trial Judge, had stated in no uncertain terms, that he considered argument by attorneys for defendant that the parties were under the influence of intoxicants to be improper and prejudicial and that when made he would sustain objection to it. Attorneys for defendant promptly excepted to the action of the Court, and, in our opinion, it was not necessary for them to go further and actually try out the patience of the Judge by making argument which he had so recently ruled to be improper

■ Therefore, we now consider whether or not His Honor's ruling was correct. In our opinion, if it was competent to prove that there was whiskey found in the car, and if it was competent to prove that there was the odor of whiskey about the two deceased parties, then it was proper for the attorneys on either side to argue to the jury all logical inferences to be made from such proven facts.

We think that one reasonable inference which the jury might draw from the facts as the direct and proximate cause of this accident was that the decedent, Burkett, was under the influence of intoxicants and lost control of the car. We think the fact that the road at the point of the collision was straight and level, that there was no other traffic, and that the car, if the jury found it to be driving southwestwardly, drove off the left side of the highway and ran for sixty feet on the left shoulder into

the culvert at considerable speed, with no evidence of the application of brakes, together with the fact that there were two partially empty whiskey bottles in the car, and the odor of whiskey about both parties, constituted sufficient evidence from which the jury could make such inference and not get into the realm of speculation.

In Schwartz v. Johnson, 152 Tenn. 586, 280 S. W. 32, 47 A. L. R. 323, it was held that a plaintiff is guilty of proximate contributory negligence in riding in the automobile driven by an intoxicated person. Also, in Hicks v. Herbert, 173 Tenn. 1, 113 S. W. (2d) 1197, it was held that the plaintiff was guilty of contributory negligence barring his cause of action by riding in an automobile under circumstances which an ordinarily prudent man would have regarded the driver as intoxicated. We think the defendants were entitled to have the jury consider, under a proper charge of the Court, whether the plaintiff's intestate was guilty of proximate contributory negligence which barred his recovery, or remote contributory negligence which mitigated the amount of plaintiff's recovery, if the defendant was found negligent, and that the refusal of the Court to permit the attorneys for defendant to argue the drunkenness of the parties as one of the explanations as to how the accident occurred affected the results of the trial and, therefore, constituted reversible error. Sec. 10654, Code of Tennessee.

Therefore, we are constrained to sustain plaintiff-in-error's Assignment of Error #8 and remand the cause for a new trial.

In view of the foregoing, we do not deem it necessary to discuss Assignment of Error #4.

Defendant-in-error is taxed with the costs of this appeal.

Avery and Bejach, JJ., concur.