# EDWARD R. HARVEY v. BRENDA FAYE WHEELER.—423 S.W.(2d) 283.

Eastern Section. July 3, 1967.

Certiorari Denied by Supreme Court November 20, 1967.

Cheek, Taylor and Groover, Knoxville, for plaintiff in error.

Ray L. Jenkins, Knoxville, for defendant in error.

COOPER, J. Brenda Faye Wheeler (Crabtree) brought this suit in an effort to recover damages for

personal injuries sustained when the automobile driven by the defendant, Edward R. Harvey, and in which the plaintiff was riding as a guest-passenger, skidded off the highway and turned over. Numerous charges of negligence, both common law and statutory, were set out in the declaration, the material ones being that the defendant was guilty of negligence (1) in failing to keep a proper lookout ahead, (2) in failing to have his automobile under control, (3) in driving at a dangerous rate of speed under the conditions then prevailing, and (4) in operating a motor vehicle while under the influence of an intoxicant.

The defendant filed a special plea admitting that he lost control of his automobile just before the accident, but denying that it was due to any act of negligence on his part. According to defendant's plea, the loss of control was due to defendant's being forced to take sudden evasive action to avoid striking an unidentified automobile that turned into the path of defendant's automobile without giving any prior warning of movement. The defendant denied being under the influence of an intoxicant at the time the accident occurred, but admitted that he had had several "mixed" drinks during the evening. Defendant averred that the plaintiff also had had several drinks in the hours before the accident.

On trial before the jury, the defendant moved for a directed verdict at the close of the plaintiff's proof on the grounds (1) that there was no evidence upon which a verdict could be predicated, and (2) that the plaintiff was guilty of proximate contributory negligence in riding with the defendant, knowing that he had been drinking alcoholic beverages. The trial judge overruled the motion, and the defendant elected to stand on the motion and offered no proof. The jury returned a verdict in favor of

the plaintiff for $5,000.00, which was approved by the trial judge, and this appeal resulted.

The accident occurred at about 12:23 A.M. on August 22, 1965 on Clinton Highway (U.S. Highway 25W) near the McClain road interesection in Knox County, Tennessee.

The plaintiff testified that the defendant, over her strong protest, drove out Clinton Highway at a speed of approximately 90 miles per hour and, on topping a hill, lost control of his automobile on the rain-slick highway.

Plaintiff was questioned extensively concerning the events that occurred during the evening prior to the accident, principally about the defendant's drinking of "mixed" drinks and her knowledge of it. Plaintiff testified that the defendant, to her knowledge, had had several "mixed" drinks at the Deane Hill Country Club and at the American Legion Club; that about 11:30 P.M., she told the defendant to take her home, that "he had had enough to drink"; that, in fact, she thought he was drunk and asked permission to drive the defendant's automobile. Defendant refused, telling the plaintiff she could drive later. According to the plaintiff, the defendant drove properly after he left the American Legion Club until she refused to go to a restaurant with him and insisted that he take her home. The parties argued the issue, and defendant began driving faster and faster. It was at this time that the plaintiff protested the manner in which the defendant was driving.

Part of the defendant's pretrial deposition was then read into the record. It corroborated plaintiff's testimony that the parties had had several mixed drinks during the

earlier part of the evening and that the plaintiff had asked to drive the automobile when the parties left the American Legion Club. Defendant testified that he refused plaintiff's request to drive because it "had been raining and [he] was afraid for her to drive." The defendant further stated that he was "in good shape to drive", that he "was not drunk" and if he "had been drunk they'd put [him] in jail," on investigation of the accident. The defendant testified that the accident occurred because the highway was slick and another car came in front of him from the side.

Allie DeBusk, the police officer who investigated the accident, testified that the defendant had been drinking but that, in his opinion, the defendant was not under the influence of an intoxicant. Defendant's speech was "normal to a certain extent" and that he walked "pretty normal". No arrest was made by the investigating officer.

On cross-examination, the officer stated that he had informed counsel for defendant in an earlier conversation "that the man (the defendant) was definitely drinking, but he had been involved in an accident and I couldn't get up and swear a man was drunk because of the injuries he might have sustained."

As a general proposition, a guest-passenger is precluded from recovering for injuries sustained in an automobile accident where the intoxicated condition of the driver of the automobile in which she was riding was a proximate cause of the accident, *if the guest-passenger knew or should have known of the driver's intoxication at the time the guest-passenger volunteered to ride in the automobile.*

"When one gets into an automobile which is to be operated by a drunken driver, through the traffic of a

populous city, such person takes his life in his hands. All the authorities are to the effect that such contributory negligence prevents a recovery by one taking such a chance, if he is injured as a result of the driver's negligence." Schwartz v. Johnson, 152 Tenn. 586, 280 S.W. 32, 33, 47 A.L.R. 323. See also Hicks v. Herbert, 173 Tenn. 1, 113 S.W.2d 1197. Cf. Cheek v. Fuller, 45 Tenn.App. 223, 322 S.W.2d 233; Burkett v. Johnston, 39 Tenn. App. 276, 282 S.W.2d 647.

■ Whether or not the guest-passenger is contributorily negligent in riding in the automobile of the defendant is not to be determined on the circumstances as they appeared to the guest-passenger, but is to be determined by comparing the guest-passenger's conduct with that of an ordinarily prudent man under like circumstances. Hicks v. Herbert, supra.

■ The present case is singular in that the plaintiff readily admits that she knew the defendant had been drinking "mixed" drinks throughout the evening, and that she believed him to be intoxicated. Based on this testimony, the defendant insists that the trial court should have directed a verdict in his behalf under the above stated general proposition of law. We would agree if the plaintiff's testimony was all the evidence in the record; but, it is not. We have the testimony of the defendant and of the investigating police officer, which places in issue the question of whether or not the defendant was under the influence of an intoxicant at the time the accident occurred. The issue of defendant's intoxication being in doubt, it would follow that the issue of plaintiff's contributory negligence would be in doubt and would be a question for the jury—for, after all, the plaintiff could not voluntarily assume a risk which did not, in fact, exist.

"The rule is well established in this state that where an interested party in his testimony make a material statement of fact negativing his right of action or defense, and no more favorable testimony appears, he is bound by it. Johnston v. Cincinnati, etc., Ry. Co., 146 Tenn. 135, 157, 240 S.W. 429; Harris & Cole Bros. v. Columbia Water & Light Co., 114 Tenn. 328, 341, 85 S.W. 897; McLemore v. Charleston & M. R. Co., 111 Tenn. 639, 69 S.W. 338. However, where there is an explanation, or as here, where other credible evidence is presented, the weight and credibility of the negative testimony becomes a question for the determination of the jury and cannot be determined by the court as a matter of law. See Annotations 80 A.L.R. 627; 169 A.L.R. 798." Buice v. Scruggs Equipment Co., 37 Tenn.App 556, 582-583, 267 S.W.2d 119, 131.

"Where the evidence is in conflict, or * * * where different conclusions might reasonably be drawn therefrom, questions of negligence and contributory negligence are for the jury. McBroom v. S. E. Greyhound Lines, 29 Tenn.App. 13, 193 S.W.2d 92; Campbell v. Campbell, 29 Tenn.App. 651, 199 S.W.2d 931. Likewise, questions of ordinary care and proximate cause are for the jury." Hale v. Rayburn, 37 Tenn.App. 413, 419, 264 S.W.2d 230, 233.

In our opinion, a jury reasonably could find from the above evidence that the defendant was not under the influence of an intoxicant at the time the accident occurred, and that the accident was proximately caused by the defendant's driving his automobile at a speed that was excessive considering the fact that the highway was wet from the recent rain. We are further of the opinion that the evidence would support the jury's finding that the

plaintiff, by protesting the excessive speed, was free of any negligence proximately causing or proximately contributing to the accident and the resulting injuries.

The several assignments of error directed to the trial court's action in overruling the defendant's motion for a directed verdict are overruled.

Defendant's other assignments of error are directed to the trial judge's refusal to give in charge requested special instructions. The defendant insists that the requested instructions were a more definite and explicit statement of the law in Tennessee than was the charge of the trial judge, as given, and that the failure to charge the special requests was prejudicial to defendant due to the plaintiff's own testimony concerning her knowledge of defendant's intoxication.

We do not agree. In our opinion, when the charge of the court is read in its entirety, one finds that the charge is adequate, covers the issues in the case, and is not misleading in any material respect. Consequently, the refusal to give the requested instructions would not be prejudicial error.

The judgment of the trial court is affirmed. Costs of the appeal are adjudged against the defendant and his surety.

McAmis, P. J., and Parrott, J., concur.