## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

**FILED**

**December 19, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JAMES R. ROSE and wife,** | ) | |
| **STELLA KAY ROSE,** | ) | |
| | ) | |
| Plaintiffs/Appellants, | ) | Henderson Law No. 93-343 |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DENNIS R. RICE, JANICE RICE and** | ) | Appeal No. 02A01-9509-CV-00198 |
| **JOHN DOE,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

APPEAL FROM THE CIRCUIT COURT OF HENDERSON COUNTY
AT LEXINGTON, TENNESSEE

THE HONORABLE CHARLES McPHERSON, JUDGE

For the Plaintiffs/Appellants:
Paul Todd Nicks
Jackson, Tennessee

For the Defendant/Appellee
John Doe:
S. Craig Kennedy
Selmer, Tennessee

For the Defendants/Appellees
Dennis R. Rice and Janice Rice:
Carthel L. Smith, Jr.
Lexington, Tennessee

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a negligence case involving the head-on collision of two vehicles. Appellants James and Stella Rose were struck by the car of Appellees Dennis and Janice Rice when Dennis Rice applied his brakes to avoid hitting a vehicle which turned across his lane. The trial court granted summary judgment in favor of the Rices. We reverse.

On the night of April 4, 1992, James and Stella Rose were traveling westbound on U.S. Highway 412. Stella Rose was driving, and James Rose was asleep in the seat beside her. They came around a curve and started up a hill. As they rounded the curve, Stella Rose saw the vehicle of Appellee John Doe ("Doe"), an unidentified driver, signaling to turn left onto Pine Crest Road, which was on the crest of the hill. There was one car between the Roses and the vehicle with its turn signal on. Stella Rose did not notice any cars approaching in the eastbound lane. She slowed down but thought the car with the turn signal on would have time to turn before she would have to stop.

At that time, Dennis and Janice Rice were traveling eastbound on U.S. Highway 412 at about fifty miles per hour, with Dennis Rice driving. Dennis Rice saw three vehicles in the oncoming lane. The first two were approaching. The third was the John Doe vehicle, with its turn signal on as though it were going to turn onto Pine Crest Road. In his deposition, Rice estimated that the John Doe vehicle was probably about eighty or one hundred feet away when he first saw it. The first two vehicles drove past the Roses. Then Doe turned in front of Rice, a move which he had not expected, causing Rice to slam on his brakes to avoid a collision. Rice testified that he apparently turned his wheels a little to the left. He managed to barely avoid hitting Doe's vehicle, and the car in front of the Roses passed by in its lane. Rice then took his foot off the brake, and his vehicle began to fishtail. Rice again slammed on his brakes, but his vehicle entered the other lane and crashed into the Roses' vehicle. The John Doe vehicle was never found, nor was the driver ever identified.

The Roses sued the Rices and Doe, alleging that Dennis Rice had failed to keep a proper lookout, had failed to keep control of his vehicle, and had not acted reasonably in the events leading up to the accident. At the hearing on the Rices' motion for summary judgment, the trial court found that Stella Rose negated any allegations of negligence on Rice's part by stating in her deposition that there was nothing Dennis Rice could have done to prevent the accident. The court also found that the sudden emergency doctrine applied. Consequently, the trial court granted the Rices' motion for summary judgment. The Roses now appeal the grant of summary judgment.

A trial court should grant a motion for summary judgment when the movant demonstrates

that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the trial court and the appellate court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* at 210-11. The phrase "genuine issue," as stated in Rule 56.03, refers to genuine, factual issues and does not include issues involving legal conclusions to be drawn from the facts. *Id.* at 211. In *Byrd*, the Court said:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment . . . shall be entered against him."

*Id.* (citations omitted). Summary judgment is only appropriate when the case can be decided on the legal issues alone. *Id.* at 210. Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Review of the grant of summary judgment is, therefore, *de novo* on the record.

On appeal, the Roses contend that there are genuine issues of material fact which render summary judgment inappropriate. First, they assert that there is a factual issue as to whether there was adequate time for the John Doe vehicle to turn without Rice's sudden application of brakes and the ensuing events. Stella Rose testified in her deposition that she thought there was plenty of time for the John Doe vehicle to turn without her having to stop and that it never crossed her mind that the Rices' vehicle would hit the John Doe vehicle. Dennis Rice, however, stated that he applied his brakes immediately when the car turned in front of him, that there was only about one hundred feet between his car and the John Doe vehicle when he first saw it, that he missed hitting it by inches, and that the whole event took place in seconds. Based on the parties' deposition testimony, there appears to be a genuine issue of material fact as to whether there was enough distance between the Rices and Doe for Rice to have prevented the accident.

2

The Roses also assert that there is a genuine issue of material fact as to whether Rice acted reasonably after he averted colliding with the Doe vehicle. In his deposition, Dennis Rice stated:

> When I let off the brakes, I lost control. My car started fishtailing, just weaving back and forth. I locked up my brakes again, and I was in the left-hand lane when I hit them in the truck.
>
> * * *
>
> A:  Anti-lock brakes; I didn't have that on my car. But I'm sure I probably turned the wheel, but I went completely straight, had it locked down, slid. Then I went -- I missed the car [John Doe's vehicle]. I barely missed it. And I let off my brakes. I lost control, and the car just started fishtailing. And then I locked it up, locked the brakes up again when I seen [sic] it was going left of center.

Therefore, Rice avoided hitting the John Doe vehicle and was sliding straight; he then took his foot off the brake, lost control, and then locked up the brakes. Rice's deposition testimony indicates a factual issue as to whether, under the circumstances, he acted as a reasonably prudent person when he took his foot off the brake and then locked up the brakes after the car began fishtailing. Rice's deposition testimony also indicates that he may have had his arm around his wife at the time of the accident, and there would be a factual issue as to whether this contributed to his loss of control of the vehicle.

The trial court noted statements by Stella Rose in her deposition and found that these statements negated her allegations of negligence against Dennis Rice. In her deposition, Mrs. Rose stated:

> Q:   . . . From what I know about this, there was no problem out there on the roadway at all until this unidentified vehicle turned in front of Mr. Rice; would you agree with that?
>
> A:   Yes, sir.
>
> Q:   Now, did you -- based upon those circumstances that you actually observed that night, do you know of anything he could have done, Mr. Rice, to avoid hitting you?
>
> A:   No, sir.

It is well established in Tennessee that, when an interested party in his testimony makes a material statement of fact which negates his right of action, he is bound by that statement unless more favorable testimony is forthcoming. *Harvey v. Wheeler*, 57 Tenn. App. 642, 648, 423 S.W.2d 283, 285 (1967). However, when there exists an explanation for that testimony, or when other credible evidence is presented contrary to the testimony, then the weight and credibility of the negative

3

testimony becomes a jury question and cannot be determined by the trial court as a matter of law. *Id.* at 648, 423 S.W.2d at 286.

In this case, other portions of Stella Rose's deposition, as well as the depositions of the other parties, present enough evidence to explain her testimony and create a genuine question of fact for a jury. As noted above, Stella Rose also testified that there had been enough time for the John Doe vehicle to turn without her having to stop and that it did not occur to her that the Rice vehicle would hit the Doe vehicle. These two statements, taken together with her earlier statements, could reasonably be seen as meaning that Rose believed that there was nothing Rice could have done once he started his maneuvers to avoid Doe, not that she believed that there was nothing he could have done before that point. Moreover, Rose could not possibly have "observed that night" that Rice took his foot off the brakes after missing Doe and that this action could have contributed to the accident. The statements by Dennis Rice in his deposition, discussed above, that he took his foot off the brake and then locked up the brakes, indicate issues of credibility and fact to be determined by a jury.

The trial court also ruled that the sudden emergency doctrine applied, stating at the hearing on the motion for summary judgment:

> But I think even more importantly here is that I don't believe reasonable minds could differ that based on the testimony of the plaintiffs and Mr. and Mrs. Rice, but what that Mr. Rice was confronted by a sudden emergency which was not of his own making, and that no reasonable mind could differ but what he acted as a reasonably and ordinary [sic] prudent person would have acted when confronted with the same or similar circumstances.

The Tennessee Supreme Court has discussed the sudden emergency doctrine since its adoption of comparative fault in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992). In *McCall v. Wilder*, 913 S.W.2d 150 (Tenn. 1995), the Court stated:

> Finally, defendant's reliance on the sudden emergency doctrine is misplaced. The sudden emergency doctrine, which has now been subsumed into Tennessee's comparative fault scheme, recognizes that a person confronted with a sudden or unexpected emergency which calls for immediate action is not expected to exercise the same accuracy of judgment as one acting under normal circumstances who has time for reflection and thought before acting.
>
> The doctrine no longer constitutes a defense as a matter of law but, if at issue, must be considered as a factor in the total comparative fault analysis. Accordingly, the doctrine of sudden emergency does not negate defendant's liability in the case before us as a matter of law.

*Id.* at 157 (citations omitted); *see Eaton v. McLain*, 891 S.W.2d 587, 592 (Tenn. 1994). Therefore,

4

the jury must determine whether Rice acted reasonably, considering any sudden emergency conditions under the facts in this case.

The decision of the trial court granting summary judgment in favor of Appellees is reversed. The case is remanded for further proceedings consistent with this Opinion. Costs are assessed against Appellees, for which execution may issue if necessary.


                                               **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P.J., W.S.**

_____
**ALAN E. HIGHERS, J.**