Susman *v.* Mid-South Fair, Inc., *et al.* (two. cases).

(*Jackson*, April Term, 1943.)

Opinion filed January 8, 1944.

Frank J. Glankler and Harold W. S. Leeker, both of Memphis, for plaintiffs in error.

King, King & Laughlin and Thomas M. Keesee, all of Memphis, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This suit was brought for personal injuries. At the close of all the testimony the trial judge granted a motion for a directed verdict as to the defendant, Mid-South Fair, Incorporated. The case went to the jury as to the Memphis Fun House and Amusement Riding Device Company. The jury returned a verdict in favor of the Amusement Company, and this verdict was approved

by the trial judge. Following the action of the court in overruling the motion for a new trial, the plaintiffs appealed in error to the Court of Appeals, and that Court affirmed the judgment of the trial court.

The plaintiff, Mrs. Newton Susman, was very seriously injured while riding as a fare-paying passenger in one of the cars of the defendant Amusement Company known as "The Whip." She was thrown from this device while the same was going around one of the curves. Her little boy, who was seated by her side, was uninjured.

These cases were tried together. One was for the personal injuries of Mrs. Susman, and the other was instituted by Mr. Susman for doctor and hospital bills and for loss of consortium, etc.

The declaration contains three counts: (1) *Res ipsa loquitur*; (2) specific grounds of negligence in the operation and maintenance of the device, or a sudden jolt or jerk; (3) negligence in failure to equip the cars of the device with a safety belt or other form of safety apparatus which would prevent a passenger from being thrown from the car.

As to the first count in the declaration, the trial judge overruled the motion for a directed verdict at the close of the plaintiffs' proof. The motion was renewed at the close of all the proof, and the trial judge sustained a motion to dismiss the suit as to the Mid-South Fair, Incorporated. He declined to charge the doctrine of *res ipsa loquitur*, or to give the jury a charge on the third count of the declaration. In other words, the issue submitted to the jury was whether the defendants were guilty of the negligent operation of "The Whip" at the time of the injury.

■■ We will first discuss the doctrine of *res ipsa loquitur* as applied to the first count of the declaration.

474

We are of opinion that the trial judge correctly overruled the defendants' motion as to this count at the close of the plaintiffs' proof, but we are of opinion that he was correct in refusing to charge the doctrine of *res ipsa loquitur* after the defendants had by proof explained the injury. This doctrine should be applied only where the circumstances leave no room for different inferences. Here the proof shows that Mrs. Susman suddenly jumped up and reasonable minds could infer that the accident was the result of her own negligence. This being so, it was not incumbent upon the trial court to charge on the question of *res ipsa loquitur* as outlined in the first count of the declaration.

It was held in *Coca-Cola Bottling Works* v. *Sullivan,* 178 Tenn., 405, 158 S. W. (2d), 721, that in order to render the *res ipsa loquitur* doctrine applicable, the nature and circumstances of the accident must be of such character that there could be no reasonable inference but that the injury complained of was due to the defendant's negligence or to the negligence of others for whose acts defendant is legally responsible. In addition to the above, it must be shown, of course, that the instrumentality was under the exclusive control of the defendant.

See, also, the case of *Casenburg* v. *Lewis,* 163 Tenn., 163, 40 S. W. (2d), 1038.

Now, under the proof in this case, the evidence introduced on behalf of the defendants showing that Mrs. Susman jumped from her seat to catch her hat would dispel the theory of *res ipsa loquitur* and would bring the issue under the second count of the declaration for the jury to determine whether the injury resulted from Mrs. Susman's act of negligence or from the sudden jolt or jerk of "The Whip."

As to the second count, the trial judge submitted the question to the jury as to whether or not the accident resulted from a sudden jolt or jerk. We are of opinion that the charge on the second count clearly set forth the contentions of the plaintiffs.

█ Considering the third count in the declaration as to the safety device, we are of opinion that the proof shows beyond question that the defendants used the highest degree of care in maintaining their equipment, that it was inspected frequently, and that the device in question was in good mechanical condition on the day of the accident.

█ It might also be said that the very nature of the device would indicate that there was some danger attendant upon riding "The Whip," but the proof shows that these cars had a bar in front of the seats, and no doubt had Mrs. Susman held to this bar the accident would not have occurred. The very name of the device was a warning to people, and we are of opinion that this feature of the case comes under the holding in *Murphy* v. *Steeplechase Amusement Co.*, 250 N. Y., 479, 166 N. E., 173, and *Lumsden* v. *Thompson Scenic Railway Co.*, 130 App. Div., 209, 114 N. Y. S., 421. It results that we find no error in the judgment of the trial court and the Court of Appeals, and the case is affirmed.