SAMMIE KEE, Plaintiff-in-Error, v. DOYLE HILL, Administrator of the Estate of JAMES CLIFFORD HILL, Deceased, Defendant-in-Error. —366 S. W. (2d) 520.

Western Section. April 27. 1962.

Certiorari Denied by Supreme Court September 7, 1962.

W. H. Lassiter, Huntingdon, for plaintiff in error.

Aaron Brown, Paris, J. Lee Taylor, Huntingdon, for defendant in error.

CARNEY, J. The case at bar and a companion case, Daniel Frederick Walters, b/n/f Thomas Walters v. Sammie Kee, et al., 51 Tenn. App. 261, 366 S. W. (2d) 534, were tried to the same jury. There was only one transcript of the record and one bill of exceptions. However, the cases are entirely separate. Both cases are on appeal in error to this Court. Separate opinions in each case are being filed and separate judgments will be entered.

In the case at bar the jury below awarded a verdict of $7,500 in favor of the plaintiff, Doyle Hill, Administrator of his son, James C. Hill, deceased. Judgment was entered on this verdict against the defendant, Sammie C. Kee. In the other case the Trial Judge directed a verdict in favor of Sammie Kee and against the plaintiff, Daniel Walters.

Both cases arose out of an automobile accident which occurred on the morning of May 14, 1960, about 4:00 A.M. at a bridge eight miles east of Paris, Tennessee, on Highway 79 which runs from Paris, Tennessee, to the Tennessee River.

There were three occupants of the automobile the defendant, Sammie Kee, a minor aged 19; the plaintiff,

Daniel Frederick Walters, aged 18; and the deceased, James C. Hill, aged 17.

James C. Hill was killed instantly and the plaintiff, Daniel Walters was severely injured. The defendant, Sammie Kee, was much less severely injured.

The principal issue of fact in the Court below was which of the three boys was driving the automobile at the time it struck the bridge.

All three young men were residents of Carroll County living in or near Huntingdon, Tennessee. The defendant, Sammie Kee, and the plaintiff, Daniel Walters, had graduated from high school on the evening of May 12, 1960. The deceased, James C. Hill, had been out of school one or more years and was employed in a restaurant in Huntingdon, Tennessee.

Sometime about 3:00 A.M. on the morning of May 14, 1960, the boys met at the East End Truck Stop in Huntingdon, Tennessee, and decided that they would drive over to Kentucky Lake on the Tennessee River for water skiing, boat riding, etc. The father of Daniel Walters maintained a cabin on the Lake which the boys planned to occupy.

The defendant, Sammie Kee, had possession of a 1958 Ford automobile owned by the defendant, C & P Motor Company of Huntingdon, Tennessee. The car had been bailed to young Kee for him to test drive and demonstrate to his parents as prospective purchasers.

The group left Huntingdon, Tennessee, driving toward Paris in Henry County, Tennessee, with the defendant, Sammie Kee, driving the automobile; the plaintiff, Daniel Walters, sitting or partially lying on the back seat; and

the deceased, James C. Hill, sitting on the right front seat. The defendant, Sammie Kee, and the plaintiff, Daniel Walters, were both admittedly very sleepy and the plaintiff, Walters, went to sleep on the back seat shortly after they started toward Paris. The defendant, Sammie Kee, had the windows partially open and the radio playing to help keep him awake. They had stayed up all night on the night of May 12 following their graduation from high school and had been up most of the night of May 13, 1960.

About 4:00 A.M. the witness, Henry Peoples, who is a truckdriver for the Hoover Motor Express Company approached the bridge in question from the east traveling toward Paris. He came upon the wrecked Ford automobile standing in an angling position in the north or westbound traffic lane on the bridge. The body of James C. Hill was against the west end or west abutment of the bridge on the south side of the road. The plaintiff, Daniel Walters, severely injured, was sitting on the trunk of the car in a very dazed condition. The defendant, Sammie Kee, was lying in the highway some seven to ten feet in front of the wrecked automobile, that is, west of the automobile in the direction of Paris, Tennessee.

The entire right hand side of the automobile was greatly smashed in and pieces of metal from the automobile were driven into the stomach of James C. Hill so that he was practically disemboweled. The undertaker had great difficulty removing the metal from the body in order to place it in the ambulance.

The truckdriver asked the defendant, Sammie Kee, who was driving. Kee replied, "I was asleep in the back seat." The truckdriver, Peoples, was asked by plaintiff

Walters what happened and he explained to him, "You hit a bridge abutment." Then he asked Walters who was driving and the plaintiff, Walters, said, "I was asleep."

State Highway Patrolman Huel Burks testified that upon his examination of the scene of the accident he found the automobile in the middle of the bridge facing generally in the direction of Paris, Tennessee, and being over in the westbound or northern traffic lane. He further testified that his examination of the area indicated that the automobile in which the boys were riding hit the guard rail some three or four feet west of the west end of the bridge and then crashed into the bridge itself.

Patrolman Burks went to the hospital and talked with the defendant, Kee, who told him that they stopped at Lax's Service Station; got some gasoline; and that he, Kee, then got into the back seat and went to sleep; that the deceased, James C. Hill, was driving the automobile at the time it hit the bridge. Patrolman Burks did not get an opportunity to talk with the plaintiff, Walters, because of his severe injuries.

The plaintiff, Daniel Walters, testified that he knew nothing about the manner in which the accident occurred; that he was asleep on the back seat; that he had no recollection of the car stopping and the defendant, Sammie Kee, getting into the back seat with him. Further, that after the collision occurred the first he remembered was sitting on the back of the car wiping blood from his face; that he could see the body of James C. Hill crumpled against the west end of the bridge.

Further, he testified that while he was in the hospital the defendant, Sammie Kee, suggested to him that he, Walters, should remember when he, Kee, stopped the

car at the Dairy Kreme in Paris shortly before the collision and got in the back seat with him. Walters said that he told Kee that he did not remember it but if he, Kee, said it he guessed it was true. Also he later confirmed to Sammie Kee's mother that James C. Hill must have been driving as Sammie Kee was on the back seat with him. However, in his testimony before the jury the witness, Walters, affirmatively testified that he had no recollection of the car stopping or of Kee getting in the back seat and that in substance, if it had happened he was reasonably sure he would have known it.

The plaintiff, Hill, has named as defendants Mr. and Mrs. J. S. Kee, the parents of the defendant, Sammie Kee, as well as the owners of C & P Motor Company and also named as defendant, Daniel Walters.

The plaintiff, Walters, had made as parties defendant, in addition to the defendant Kee, the owners of the C & P Motor Company. At the conclusion of the plaintiff's proof in the Walters case His Honor the Trial Judge directed a verdict in favor of all the defendants and against the plaintiff, Daniel Walters, on the grounds that the said Walters had been guilty of contributory negligence as a matter of law by getting into the back seat of the car, going to sleep well knowing that the defendant, Sammie Kee, was very sleepy and keeping the windows of the car open to try to keep awake.

Plaintiff Walters did not appeal from the action of the Court in dismissing Mr. and Mrs. J. S. Kee but he has excepted and prayed an appeal from the order of the Court directing a verdict in favor of the defendants, James A. Pendergrass and Gooch Carrington, d/b/a C & P Motor Company, and the defendant, Sammie Kee.

In the case of Hill, Administrator, which is the case at bar the Trial Court directed a verdict in favor of the defendants, Mr. and Mrs. J. Sam Kee, the owners of the C & P Motor Company and the defendant, Daniel Walters. He overruled the motion for a directed verdict as to the defendant, Sammie Kee. There is no appeal from this action.

Thereupon the cause continued only in the case of Hill, Administrator, v. Sammie Kee. The defendant, Sammie Kee, testified in his own behalf and also submitted the testimony of his mother and father. They both testified that the defendant Walters told them both shortly after the collision that the deceased, James C. Hill, was driving the car at the time of the collision. The jury returned a verdict of $7,500 as above set out; judgment was rendered and the defendant, Sammie Kee, has prosecuted this appeal in error.

Assignments of error I and II insist that there was no evidence to support the verdict of the jury and that His Honor the Trial Judge was in error in refusing to grant defendant Sammie Kee's motion for directed verdict made at the conclusion of all the evidence. The other three assignments of error pertain to portions of His Honor's charge to the jury.

The uncontradicted proof is that the defendant, Sammie Kee, had custody of the automobile in question by virtue of the bailment from C & P Motor Company and that he left Huntingdon, Tennessee, bound for Paris, Tennessee, and Kentucky Lake driving the automobile. The right side of the car was completely demolished. The left side of the automobile was damaged very slightly.

 The body of James C. Hill was found against the west end of the bridge with metal strips from the right side of the automobile driven into his body. We think there was ample evidence from which the jury could reasonably find and did find that the automobile, while traveling westward from Paris, ran into the guard rail and then into the west end of the bridge completely demolishing the right side of the car; leaving the body of James C. Hill crumpled against the west end of the bridge; and that James C. Hill was riding on the right front seat at the time of the collision and was not driving the automobile.

Further, if the jury believed the testimony of Walters, and evidently they did, that he was asleep on the back seat at the time of the collision and if the jury disbelieved the testimony of Kee that he was on the back seat asleep with Walters, and apparently they did disbelieve him, then the jury necessarily had to find that the defendant, Sammie Kee, was driving the car at the time of the collision.

 Counsel for plaintiff-in-error argues very forcefully and plausibly that the defendant Kee being in a dazed condition immediately after the wreck could not have been in a position to fabricate a defense so quickly as to tell the truckdriver, Peoples, the first man on the scene, that he was not driving the car but was asleep at the time of the collision. This argument was for the jury. We do observe that apparently the defendant Kee was involved in at least one contradiction in that he told the patrolman that he stopped at Lax's Service Station and that he told defendant Walters that he stopped at the Dairy Kreme in Paris to get in the back seat.

Plaintiff-in-error cites the recent case of Pickett v. Murphy, (1961), 208 Tenn. 447, 346 S. W. (2d) 579, in which this section of the Court was reversed. In the Pickett case the Supreme Court reaffirmed its decision in the case of McCollum v. Guest, 207 Tenn. 651, 343 S. W. (2d) 359. The McCollum v. Guest case came from the Eastern Section of this Court. The writer of this opinion wrote the opinion in the McCollum case and the Supreme Court reversed.

As we understand the substance of the holding of the Supreme Court in the Pickett and McCollum cases, the bare testimony of witnesses as to the position of the two vehicles and accompanying marks on the highway after the accident, without other evidence, is insufficient proof to enable a jury to determine how an accident occurred. Plaintiff-in-error insists that this same rule should apply in the case at bar with reference to the position of the occupants of the car after the accident. We respectfully disagree; certainly in so far as it might apply to young Hill whom defendant Kee contended was driving the automobile at the time of the accident. Metal from the right side of the car was driven through his body.

Also it is the insistence of the defendant Kee that even if the proof showed that he was driving the automobile, that the Court should have found the deceased, James C. Hill, guilty of assuming the risk and a directed verdict should have been granted. Plaintiff cites and relies upon the case of Lea v. Gentry, (1934), 167 Tenn. 664, 73 S. W. (2d) 170. In that case the guest and the person in charge of the automobile had driven 335 miles from Nashville, Tennessee, to Asheville, North Carolina, to deliver some important papers to Col. Luke Lea who was on trial in Asheville, North Carolina. They were

given some important papers by Col. Lea to deliver to the Internal Revenue offices in Nashville on the following day. They left Asheville about 3:00 P.M. and started the drive back to Nashville, Tennessee. They began a system of one driving while the other slept and it was understood that when one driver became sleepy he would wake up the other and let him take the wheel. The guest was asleep and the person in charge of the car, Mr. Crump, fell asleep and ran off the road and the guest was severely injured. He recovered a judgment for personal injuries. The defendant insisted that he was guilty of negligence as a matter of law by going to sleep well knowing that the defendant had had very little sleep during the preceding 24 hours. Our Tennessee Supreme Court held that the question of the guest's contributory negligence was one for the jury and laid down the following rule:

> "The distinctive principle is this: When the facts show without dispute that the guest was conscious of the peril inherent in the driver's condition or conduct, the court may adjudge contributory negligence as a matter of law; but where either (1) the evidence is in conflict as to the facts of the occurrence, or (2) where reasonable minds may differ as to the effect of the undisputed facts of the situation disclosed on the consciousness or knowledge of the guest of the peril involved in the condition or conduct of the driver, then the question is one for the jury."

In this case the record does not affirmatively show without contradiction that the deceased, James C. Hill, was consciously indifferent to the danger that Sammie Kee might go to sleep while driving the automobile.

Defendant's special request No. 2 was charged by His Honor as follows:

"Also, if you find that it was known or obvious to J. C. Hill, or if in the exercise of ordinary care and prudence it should have been known to J. C. Hill that the driver of the car in which he was riding and injured would be likely to go to sleep at the wheel and then himself fell asleep and was asleep at the time of the accident, he, J. C. Hill, would be negligent, and his Administrator cannot recover damages, because J. C. Hill had assumed the risks, and your verdict would be for the Defendant Kee."

Assuming for the moment that the doctrine of res ipsa loquitur applied to the facts of this case as charged by His Honor and which we discuss under the next assignment of error, we hold that there was sufficient material evidence of defendant's negligence to support the verdict of the jury and that His Honor properly overruled the motion for a directed verdict. Hence, the assignments of error are respectfully overruled.

Assignment of error No. III complains of the following portion of His Honor's charge to the jury:

"The proof in this case brings it within the scope of the doctrine of res ipsa loquitur. Res ipsa loquitur means the thing speaks for itself. More precisely, it asserts that whenever a thing which produced an injury is shown to have been under the control and management of the Defendant and the occurrence is such as in the ordinary course of things, or that it does not happen if due care has been exercised, the fact of the injury itself will be deemed to afford sufficient evidence by way of inference to support a recovery in the absence of any explanation by the Defendant tending to show that the injury was not

due to his want of care. This doctrine therefore gives rise to a form of circumstantial evidence, which permits you ladies and gentlemen of the jury to choose the inference of the defendant's negligence in preference to other permissible or reasonable inferences from the facts and circumstances.''

Charges of very similar nature given by the same Trial Judge were approved by this Court in two fairly recent cases decided by this division of the Court of Appeals and the writer of this opinion was the author of both of these opinions.

The most recent is Ross v. Griggs, (1955), 41 Tenn. App. 491, 296 S. W. (2d) 641. In that case young Joe Griggs had left home about 8:15 P.M. riding in the automobile owned and driven by the deceased, Howard Wilson Ross. The parties were not seen thereafter until about 11:00 P.M. when the Ross automobile was found wrecked against a tree a short distance from the highway. Plaintiff's decedent, Griggs, was found dead in the right front seat of the car and defendant's decedent, Ross, the owner of the car, was found dead on the ground under the car. Tracks led from a bend in the highway about 75 steps over to the rear of the automobile indicating that the driver of the automobile failed to make a left turn in the highway and ran off the road into the tree. The front bumper was driven back up under the car and had pinned the feet of Griggs which were sticking down through the opening which normally would have been covered by the floorboard on the right side of the front seat. The glove compartment on the right side of the dash was driven back pinning Joe Griggs' body against the right front seat.

There was no positive testimony by either party as to who was driving the car at the time of the accident. This Court affirmed a judgment in favor of the administrator of the guest, G. L. Griggs, in the amount of $10,000 against the administrator of the owner of the car, Howard Wilson Ross.

In the case of Burkett v. Johnston, (1955) 39 Tenn. App. 276, 282 S. W. (2d) 647, an automobile owned by Raymond Maxwell Burkett was discovered by passers-by on State Highway 24 between Trenton, Tennessee, and Alamo, Tennessee, sitting at right angles to the center of the road; the front end was pointed eastward over against the north end of the abutment of a concrete culvert. The front end of the car was badly damaged and there was a tire mark on the east shoulder of the highway which extended to a distance of 60 feet to the north end of the culvert. There was evidence of recent damage to the concrete culvert.

Inside the car was found the body of Raymond Maxwell Burkett, owner of the car, lying under the wheel of the car and beside him on the right front seat was the body of the plaintiff's husband, Thomas Jefferson Johnston. There was blood inside the car and other damages indicating that the two people had met death as a result of the collision of the automobile with some object at this point on the highway. The Trial Judge charged the doctrine of res ipsa loquitur to the jury. This Court approved a judgment of $7,500 in favor of the widow of the so-called guest, Thomas Jefferson Johnston, against the owner of the automobile, Raymond Maxwell Burkett.

Reference is made to both of these cases for a detailed discussion of the Tennessee authorities relating to res

ipsa loquitur and circumstantial evidence. Attorney for plaintiff-in-error insists very strongly that the doctrine cannot apply to establish the driver of the automobile because the doctrine does not apply unless it is shown that the instrument which produced the injuries was exclusively in the possession and under the control and management of the defendant, citing Coca Cola Bottling Works v. Sullivan, 178 Tenn. 405, 416, 158 S. W. (2d) 721, 171 A.L.R. 1200; Towle v. Phillips, 180 Tenn. 121, 124, 172 S. W. (2d) 806; Sussman v. Mid-South Fair, Inc., 180 Tenn. 471, 474, 176 S. W. (2d) 804.

■ This statement would be correct except for the fact that the plaintiff in the case at bar produced affirmative evidence of circumstances from which the jury could reasonably find that the defendant, Sammie Kee, was in the exclusive possession of the automobile bailed from C & P Motor Company and that he was driving the same at the time of the collision. It is true that res ipsa loquitur does not apply to cases where the accident is shown to have occurred in a specific manner or by reason of specific acts or where the defendant goes forward with proof explaining the cause of the accident. Sussman v. Mid-South Fair, (1944), 180 Tenn. 471, 176 S. W. (2d) 804; Schindler v. Southern Coach Line, Inc., (1949), 188 Tenn. 169, 217 S. W. (2d) 775; Sloan v. Neville, (1950), 33 Tenn. App. 100; 229 S. W. (2d) 350. The declaration charged common law negligence of speed and reckless driving; statutory excessive speed, T.C.A. Section 59-852; and statutory reckless driving, T.C.A. Section 59-858.

■ The plaintiff did not attempt to prove exactly how the accident occurred or what caused the automobile to leave the road and strike the bridge. The plaintiff did introduce proof to show that the defendant Kee was

driving while very sleepy and therefore less able to handle the car properly. The jury could infer that the car was going at a very high rate of speed from the great damage done to the car when it struck the bridge. We do know that ordinarily when the driver of an automobile is exercising due care he does not run off the road and strike the abutment of a bridge. In view of the lack of evidence tending to show the specific cause of the unfortunate accident, we think His Honor the Trial Judge was not in error in charging the doctrine of res ipsa loquitur.

We have not attempted to discuss in this opinion the many cases cited from other jurisdictions because we have so much Tennessee law on the subject. Assignment of error No. III is respectfully overruled.

██ Assignment of error No. IV complains of the following charge:

"The plaintiff may make out his case by direct evidence, or by circumstantial evidence, or by a combination of both. It is sufficient in a civil case, depending on circumstantial evidence, for the party having the burden of proof to make out the more probable hypothesis, and the evidence need not arise to that degree of certainty which will exclude every other reasonable hypothesis or conclusion. However, where there are two or more equally probable hypothesis appearing, and either could equally have been the cause of injury or damage, the Jury cannot speculate or guess or surmise that any certain one was the cause and cannot find for the plaintiff on such basis."

We see no error in this charge and the assignment of error is overruled.

■ Assignment of Error No. V is as follows:

"The Court erred in charging the jury as follows:

" 'There is a presumption in law that arises from the well known instinct of self preservation; that the Plaintiff's intestate, was in the exercise of ordinary care at the time of the accident which caused his death, and this assumption prevails until it is rebutted, or overturned by competent evidence.' "

Attorney for plaintiff-in-error, with his usual commendable candor, admits that the charge standing alone is not error. However, he insists that the charge as given by His Honor at the particular place in the charge indicates that His Honor was of opinion that Hill was not driving the automobile and that this constituted an invasion of the province of the jury. Plaintiff insists that His Honor should have prefaced this portion of the charge by stating to the jury, "If you find the plaintiff's intestate Hill was not driving the car" then he could very properly have continued with the charge of presumption of self preservation complained of.

Plaintiff-in-error offered three special requests which were granted by His Honor the Trial Judge. A portion of special request No. 1 as given by His Honor is as follows:

"Ladies and Gentlemen of the jury I further charge you that if the plaintiff's intestate was driving the car at the time of the accident then you will find for the defendant, Sammie Kee * * *."

We find no error in the portion of the charge complained of and assignment of error No. V is respectfully overruled.

All of the assignments of error having been overruled a judgment will be entered in this Court in favor of the plaintiff, Hill, Administrator, against the defendant, Sammie C. Kee, in the amount of $7,500 together with interest from August 22, 1961, the date of overruling the motion for new trial in the Court below. The plaintiff-in-error will be taxed with the costs in the Court below and in this Court.

Avery, (P. J. W. S.), and Bejach, J., concur.