DANIEL FREDERICK WALTERS, b/n/f THOMAS
WALTERS, Plaintiff-in-Error, v. SAMMIE KEE et al.,
Defendants-in-Error.—366 S.W. (2d) 534.

Western Section. April 27, 1962.

Certiorari Denied by Supreme Court September 7, 1962.

262

Dwayne Maddox, Huntingdon, for plaintiff in error.

W. H. Lassiter, Huntingdon, for defendant in error.

CARNEY, J. The case at bar and a companion case of Doyle Hill, Administrator of James C. Hill v. Sammie C. Kee, et al., 51 Tenn. App. 228, 366 S. W. (2d) 520, were tried to the same jury. There was only the transcript of the record and one bill of exceptions. However, the cases are entirely separate. Both cases are on appeal in error to this Court. Separate opinions in each case are being filed and separate judgments will be entered.

In the case at bar at the conclusion of the plaintiff's proof His Honor the Trial Judge found the plaintiff, Daniel Walters, guilty of contributory negligence as a

matter of law and directed verdicts in favor of all defendants, namely Sammie Kee; his parents, Mr. and Mrs. J. Sam Kee; James A. Pendergrass and Gooch Carrington, d/b/a C & P Motor Company. The plaintiff took no exception to the dismissal as to Mr. and Mrs. J. Sam Kee but has appealed in error to this Court from the action of the Trial Judge in dismissing Sammie C. Kee and C & P Motor Company.

In the case of Doyle Hill, Administrator of James C. Hill v. Sammie Kee, et al., at the conclusion of the plaintiff's proof, the Trial Judge dismissed all defendants except the defendant, Sammie C. Kee. At the conclusion of all the proof the jury awarded a verdict of $7,500 in favor of the plaintiff, Doyle Hill, and the defendant, Sammie C. Kee, has prosecuted his appeal in error from the judgment entered thereon.

Both cases arose out of an automobile accident which occurred on the morning of May 14, 1960, about 4:00 A.M. at a bridge eight miles east of Paris, Tennessee, on Highway 79 which runs from Paris, Tennessee, to the Tennessee River.

There were three occupants of the automobile, the defendant, Sammie Kee, a minor aged 19; the plaintiff, Daniel Frederick Walters, aged 18; and the deceased, James C. Hill, aged 17.

James C. Hill was killed instantly and the plaintiff, Daniel Walters, was severely injured. The defendant, Sammie Kee, was much less severely injured.

All three young men were residents of Carroll County living in or near Huntingdon, Tennessee. The defendant, Sammie Kee, and the plaintiff, Daniel Walters, had

graduated from high school on the evening of May 12, 1960. The deceased, James C. Hill, had been out of school one or more years and was employed in a restaurant in Huntingdon, Tennessee.

Sometime about 3:00 A.M. on the morning of May 14, 1960, the boys met at the East End Truck Stop in Huntingdon, Tennessee, and decided that they would drive over to Kentucky Lake on the Tennessee River for water skiing, boat riding, etc. The father of Daniel Walters maintained a cabin on the Lake which the boys planned to occupy.

The group left Huntingdon, Tennessee, driving toward Paris in Henry County, Tennessee, with the defendant, Sammie Kee, driving the automobile; the plaintiff, Daniel Walters, sitting or partially lying on the back seat; and the deceased, James C. Hill, sitting on the right front seat. The defendant, Sammie Kee, and the plaintiff, Daniel Walters, were both admittedly very sleepy and the plaintiff, Walters, went to sleep on the back seat shortly after they started toward Paris. The defendant, Sammie Kee, had the windows partially open and the radio playing to help keep him awake. They had stayed up all night on the night of May 12 following their graduation from high school and had been up most of the night of May 13, 1960.

About 4:00 P.M. the witness, Henry Peoples, who is a truckdriver for the Hoover Motor Express Company approached the bridge in question from the east traveling toward Paris. He came upon the wrecked Ford automobile standing in an angling position in the north or westbound traffic lane on the bridge. The body of James C. Hill was against the west end or west abut-

ment of the bridge on the south side of the road. The plaintiff, Daniel Walters, severely injured, was sitting on the trunk of the car in a very dazed condition. The defendant, Sammie Kee, was lying in the highway some seven to ten feet in front of the wrecked automobile, that is, west of the automobile in the direction of Paris, Tennessee.

The entire right side of the automobile was greatly smashed in and pieces of metal from the automobile were driven into the stomach of James C. Hill so that he was practically disemboweled. The undertaker had great difficulty removing the metal from the body in order to place it in the ambulance.

The truckdriver asked the defendant, Sammie Kee, who was driving. Kee replied, "I was asleep in the back seat." The truckdriver, Peoples, was asked by plaintiff Walters what happened and he explained to him, "You hit a bridge abutment." Then he asked Walters who was driving and the plaintiff, Walters, said, "I was asleep."

State Highway Patrolman Huel Burks testified that upon his examination of the scene of the accident he found the automobile in the middle of the bridge facing generally in the direction of Paris, Tennessee, and being over in the westbound or northern traffic lane. He further testified that his examination of the area indicated that the automobile in which the boys were riding hit the guard rail some three or four feet west of the west end of the bridge and then crashed into the bridge itself.

Patrolman Burks went to the hospital and talked with the defendant, Kee, who told him that they stopped at Lax's Service Station; got some gasoline; and that he,

Kee, then got into the back seat and went to sleep; that the deceased, James C. Hill, was driving the automobile at the time it hit the bridge. Patrolman Burks did not get an opportunity to talk to the plaintiff, Walters, because of his severe injuries.

The plaintiff, Daniel Walters, testified that he knew nothing about the manner in which the accident occurred; that he was asleep on the back seat; that he had no recollection of the car stopping and the defendant, Sammie Kee, getting into the back seat with him. Further, that after the collision occurred the first he remembered was sitting on the back of the car wiping blood from his face; that he could see the body of James C. Hill crumpled against the west end of the bridge.

Further, he testified that while he was in the hospital the defendant, Sammie Kee, suggested to him that he, Walters, should remember when he, Kee, stopped the car at the Dairy Kreme in Paris shortly before the collision and got in the back seat with him. Walters said that he told Kee that he did not remember it but if he, Kee, said it he guessed it was true. Also he later confirmed to Sammie Kee's mother that James C. Hill must have been driving as Sammie Kee was on the back seat with him. However, in his testimony before the jury the witness, Walters, affirmatively testified that he had no recollection of the car stopping or of Kee getting in the back seat and that in substance, if it had happened he was reasonably sure he would have remembered it.

The Trial Judge was of opinion that the plaintiff's testimony showed him guilty of contributory negligence as a matter of law and therefore he directed a verdict

in favor of all defendants. From a portion of his cross examination we quote as follows:

"Q. How far is it from your home to Paris?

"A. Approximately thirteen miles.

"Q. Now, you rode a distance, then, of seven miles in this automobile well knowing that both Sammie and J. C. Hill were sleepy; right?

"A. That's right.

"Q. You were conscious of that fact, weren't you?

"A. At the time I didn't care. I was more interested in getting some sleep.

"Q. But you were conscious of their condition at that time, weren't you?

"A. I knew they were a little sleepy.

"Q. And you knew—did you say that they had the radio wide open in order to keep themselves awake?

"A. Not wide open. They had the radio on is what I said. The radio was on.

"Q. And they had their windows open.

"A. They had the vents turned in.

"Q. That was for the purpose of keeping them from going to sleep, wasn't it?

"A. Yes, sir.

"Q. And you knew that they hadn't had any sleep, didn't you?

"A. No, sir. I knew that they had had some sleep, but I didn't know how much."

The plaintiff-in-error relies principally upon the case of Lea v. Gentry (1934), 167 Tenn. 664, 73 S.W.(2d) 170. In that case our Tennessee Supreme Court held that it was a question for the jury to determine whether or not the plaintiff guest who was asleep when the defendant drove the automobile off the road was guilty of contributory negligence.

The case of Lea v. Gentry is not applicable to the facts of the case at bar because in the Gentry case the plaintiff had an understanding with the driver that the driver would stop the car, awaken the plaintiff and let him drive when he, the driver, got sleepy. In the present case the plaintiff, Walters, makes no contention that he was to alternate driving with the defendant, Sammie C. Kee, or that the defendant, Kee, was to stop when he became too sleepy to drive.

The rule laid down in Lea v. Gentry is as follows:

"The distinctive principle is this: When the facts show without dispute that the guest was conscious of the peril inherent in the driver's condition or conduct, the court may adjudge contributory negligence as a matter of law; but where either (1) the evidence is in conflict as to the facts of the occurrence, or (2) where reasonable minds may differ as to the effect of the undisputed facts of the situation disclosed on the consciousness or knowledge of the guest of the peril involved in the condition or conduct of the driver, then the question is one for the jury."

In the present case not only does the proof show that the plaintiff Walters knew that the defendant Kee had had very little sleep in two nights and was very sleepy at the time he was at the wheel but by plaintiff's own

admission he said, "At the time I didn't care. I was more interested in getting some sleep." He got in the back seat and promptly went to sleep without taking any precautionary measures.

His Honor the Trial Judge used both the terms "contributory negligence" and "assumption of risk" in directing a verdict against plaintiff. These are two separate defenses in tort cases. However, there are situations where the two defenses overlap. In such cases the distinction between the two defenses is not very clear and has resulted in many Courts using the terms interchangeably.

Mr. Prosser in his Handbook on Torts (1941) page 376 defines assumption of risk as follows:

"51. The defense of assumption of risk rests upon the plaintiff's consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of harm from a particular risk. Such consent may be found:

"a. By express agreement: * * *

"b. By implication from the conduct of the parties. When the plaintiff enters voluntarily into a relation or situation involving obvious danger, he may be taken to assume the risk, and to relieve the defendant of responsibility. Such implied assumption of risk ordinarily requires knowledge and appreciation of the risk, and a voluntary choice to encounter it."

Our Tennessee Courts have not attempted to delineate the distinction between the two terms. See Bouchard & Sons Co. v. Keaton, 1928, 9 Tenn.App. 467; Loew's Nashville & Knoxville Corporation v. Durrett, 18 Tenn.App.

489, 79 S.W.(2d) 598; Hatch et al. v. Brinkley, 1935, 169 Tenn. 17, 80 S.W.(2d) 838; Talley v. Curtis,. (1939), 23 Tenn.App. 181, 129 S.W.(2d) 1099; Evans v. Nashville Union Stockyards, (1926), 41 Tenn.App. 65, 292 S.W. (2d) 521; Chattanooga Gas Co. v. Underwood, (1954), 38 Tenn.App. 142, 270 S.W.(2d) 652.

In Talbot v. Taylor, 1935,. reported in 184 Tenn. 428, 201 S.W.(2d) 1, our Tennessee Supreme Court held that the plaintiff, Talbot, was guilty of contributory negligence as a matter of law by riding as a guest in an automobile with one headlight burned out. However, the opinion quoted from 45 C.J. 1043 on the subject of assumption of risk. See Gargaro v. Kroger Baking Co., 1928, 22 Tenn.App. 70, 118 S.W.(2d) 561, opinion by Hon. W. P. Moss, Special Judge.

█ In our opinion the plaintiff, Daniel Walters, was guilty of proximate contributory negligence as a matter of law and His Honor the Trial Judge quite properly granted a directed verdict as to the defendant, Sammie Kee. Assignments of error 1, 2, 3 and 4 are respectfully overruled.

Assignment of error No. 5 complains that His Honor the Trial Judge should not have dismissed the defendant owners of C & P Motor Company since the plaintiff proved by the County Court Clerk that the automobile was registered in the name of C & P Motor Company. Plaintiff claimed that he was entitled to go to the jury under the legal presumptions provided by T.C.A. secs. 59-1038 and 59-414 since there was no proof that young Kee was not acting as agent for the defendant, C & P Motor Company. There was proof that the defendant, Sammie C. Kee, had possession of the automobile from

C & P Motor Company for the purpose of test driving and demonstrating it to his parents, Mr. and Mrs. Kee, as prospective purchasers of the automobile.

However, the evidence affirmatively shows that the defendant, Sammie C. Kee, was not using the automobile at the time of the collision for the purpose of demonstrating it to his parents but was using it for his own purposes, namely to take himself and his companions to Kentucky Lake for motor boating and water skiing. Under the authority of Southern Motors v. Morton, (1941), 25 Tenn.App. 204, 154 S.W.(2d) 801, the legal presumption created by T.C.A. sec. 59-1038 disappeared.

Under the authority of Hill v. Harrill, (1958), 203 Tenn. 123, 310 S.W.(2d) 169, the defendant dealers are not liable for the negligence of one to whom they had bailed the automobile. Defendant Sammie C. Kee was a bailee of the automobile in the present case.

For these reasons we think the Trial Judge quite properly directed a verdict in favor of the defendant owners of C & P Motor Company.

Also since we have held that as a matter of law the plaintiff, Daniel Walters, is not entitled to recover against the defendant, Sammie C. Kee, he would not be entitled to recover against the alleged master or principal. See Caldwell v. Kelly, (1957), 202 Tenn. 104, 302 S.W.(2d) 815.

All of the assignments of error must be overruled, the judgment of the lower Court affirmed and the appeal in error dismissed at the cost of plaintiff-in-error.

Avery, (P. J. W. S.), and Bejach, J., concur.