**Marshall SILCOX, Plaintiff-Appellee,**

v.

**SMITH COUNTY, Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section.

Feb. 25, 1972.

Certiorari Denied by Supreme Court
July 17, 1972.

Jacky O. Bellar, Carthage, for plaintiff-appellee.

Solon Fitzpatrick, Carthage, for defendant-appellant.

## OPINION

TODD, Judge.

The defendant, Smith County, has appealed from a jury verdict and judgment in the amount of $800.00 in favor of the

plaintiff, Marshall Silcox, for blasting damage to the home of plaintiff.

Assignments of error numbered 1, 2, and 3a are as follows:

"1. There is not any evidence to support the verdict.

2. The verdict is based on speculation, surmise, or conjecture, which cannot be permitted.

3a. The Court erred in not sustaining the defendant's motion for a directed verdict at the conclusion of the introduction of all of the evidence, because there was not any evidence that the blasting done by the defendant was the cause of the plaintiff's damage; and the proof showed that the damage to the plaintiff's residence could have been caused by the defective footing for the foundation and faulty construction, therefore, it should not have been left to the jury simply on a question of probabilities."

The plaintiff testified that his home was located about 200 to 250 yards from a quarry where Smith County conducted blasting operations during 1970; that he was a mason by trade and had built the foundation of his house about twelve years ago in a proper manner; that he had noticed a few cracks in the foundation before the blasting; that the blasting jarred the house; that the cracks "opened up wider" and,

"A. Well, the front wall where the steps are—the walk is busted and the where the wall's coming in, well, it's setting in and pushing the front wall in all time and then the front wall comes in and it's pushing a lower wall out down next to the road, pushing it out from under the house where it's going to turn the house a loose."

Plaintiff further testified that the major part of his damage occurred in 1970 and that the cost of replacing the damaged foundation was about $750.00.

Other witnesses for the plaintiff estimated the damage from $300.00 to $800.00.

■ Defendant insists that there is no evidence to show that plaintiff's damage resulted from the defendant's blasting. Proof of damage by blasting must of necessity be inferences drawn from circumstances. Usually, the most satisfactory evidence available is that blasting is being done nearby, that some "jar" or other discernible effect of the blast is felt or observed at the point of injury, and that damage which would normally result from blasting is observed shortly after the blast. Such circumstances are sufficient to sustain an inference of causal relationship between the blast and the damage.

Defendant points out that there is evidence of faulty design or construction of plaintiff's foundation and other factors which could have produced the damage. Defendant insists that such evidence left the jury to speculate as to the cause of injury.

■ It is true that the plaintiff has the burden of proving each element of his cause of action and that:

"The rule is universal that no recovery can be had if the evidence leaves it to conjecture which of two probable causes resulted in the injury, where the defendant was liable for only one of them." Brown v. Hudson, 50 Tenn.App. 658, 363 S.W.2d 505 (1962) and authorities cited therein.

■ On the other hand:

"The law does not require that any theory or contention of either party in a civil suit shall be freed from doubt, suspense or uncertainty * * *. After all the evidence that can be produced is introduced, the jury may still be unsatisfied,—not convinced. Their minds may not be at rest. They may not be freed from doubt, uncertainty, and suspense. But still the jury may recognize that there is a preponderance of evidence,

**655**

and on that they may base their verdict." Ballinger v. Mut. Life Ins. Co., 167 Tenn. 367, 69 S.W.2d 1090 (1933) and authorities cited therein.

■ Also:

"The general rule is that it is sufficient, in a civil case, depending upon circumstantial evidence, for the party having the burden of proof to make out the more probable hypothesis and the evidence need not arise to that degree of certainty which will exclude every other reasonable conclusion." Law v. Louisville & N. R. Co., 179 Tenn. 687, 170 S. W.2d 360 (1943) and authorities cited therein.

■ And:

"Any fact may be proved by direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. In civil cases facts are proved by a preponderance of the evidence. If unequal conflicting probabilities, or unequal inconsistent theories are shown by the evidence; or if the minds of reasonable men might differ from the proved facts as to whether the conflicting probabilities, or inconsistent theories, are equally supported by the evidence, the case must go to the jury." Scott v. Atkins, 44 Tenn.App. 353, 314 S.W.2d 52 (1957), and authorities cited therein.

See also Act-O-Lane Gas Service Co. v. Hall, 35 Tenn.App. 500, 248 S.W.2d 398 (1952).

■ The circumstantial evidence introduced by the plaintiff in this case was sufficient to take his case to the jury in spite of the evidence that his damages may have resulted from causes for which defendant would not be liable.

In regard to the probability that the blasting by defendant caused plaintiff's damage, it is significant that one of defendant's witnesses testified that the normal blast at defendant's quarry was 400 sticks of dynamite and 1500 pounds of ammonium nitrate (another explosive).

■ Defendant complains that the suit of plaintiff was for damages which occurred in the calendar year 1970, whereas the plaintiff admitted in his testimony that he observed some cracks in his foundation prior to 1970. Such testimony by the plaintiff would naturally and properly be considered in arriving at the fair compensation to be fixed for the damages sued for, but certainly should not be utilized as a pretext to deprive plaintiff of the compensation justly due him.

It is a matter of common and universal knowledge that concrete block walls develop cracks for various reasons not necessarily associated with faulty construction. The expansion and contraction of any masonry wall can result in cracks. Even though, at the beginning of 1970, plaintiff's foundation was less than perfect, either structurally or otherwise, he is nevertheless entitled to compensation for the damage sustained from the wrongful acts of others.

■ The wrongdoer must pay for the damage to the person or property under the conditions in existence, and it is no defense that damage was more readily inflicted because of an unusual susceptibility to damage. See Holt v. McCann, 58 Tenn.App. 248, 429 S.W.2d 441 (1968); Meeks v. Yancey, 43 Tenn.App. 667, 311 S.W.2d 329 (1957); and authorities cited therein. There is no reason why prior injury or imperfection in property should affect the right to recovery any more than a similar condition of an injured person.

Defendant relies upon Buckeye Cotton Oil Co. v. Campagna, 146 Tenn. 389, 242 S. W. 646 (1922), wherein a pipe was mounted on the roof of a shed where firemen were attempting to extinguish a fire. Both pipe and shed fell, and no one saw which fell first or caused the other to fall. The facts are not sufficiently comparable to constitute authority for disposition of this appeal.

Defendant also relies upon Nashville C. & St. L. Ry. Co. v. Reeves, 25 Tenn.App. 359, 157 S.W.2d 851 (1941); however, that case was reversed because the Trial Judge instructed the jury that they might find permanent disability when there was no evidence of permanent disability. Speculation as to a fact as to which there is no evidence is somewhat different from selecting which of two hypotheses are more probable from proven circumstances.

Defendant further relies upon Burkett v. Johnson, 39 Tenn.App. 276, 282 S.W.2d 647 (1955), which case quoted the rule relied upon by defendant, but applied the rule of Scott v. Atkins, supra, and held that the circumstances stated were sufficient to take the case to the jury. The judgment was reversed on other grounds.

In Everett v. Evans, 30 Tenn.App. 450, 270 S.W.2d 350 (1947) cited by defendant, the plaintiff fell from an ambulance and sued for alleged negligence in respect to the condition of the ambulance and conduct of attendants. The plaintiff undertook to change seats while the ambulance was traversing a curve. As she sat down, she fell against the door which flew open; and she fell out of the ambulance. No one saw what happened except the plaintiff, and she was unable to account for the cause of her injury. She did not know whether or not she hit the door handle which would open the door when pressed down. She admitted that she "grabbed something," perhaps the handle. There was no direct evidence of any negligence of defendant in the maintenance or operation of the ambulance. This Court held simply that under the foregoing circumstances, there was no evidence of negligence upon which a verdict could be based.

To the contrary, the circumstances of this case point to the heavy blasting near plaintiff's home as the most probable cause of his damages, and suggested alternate causes of damage are based upon conjecture.

In Meador v. Nashville C. & St. L. Ry., 177 Tenn. 273, 148 S.W.2d 371 (1940), cited by defendant, the plaintiff's intestate left home late at night and was later seen on a road about two miles from his home; and his dead body was found the following day on the defendant's tracks. The Supreme Court held that such circumstances were insufficient to raise an inference that the deceased appeared alive on the track in front of a moving train so as to constitute an obstruction on the tracks requiring statutory precautions. Such reconstruction of unproven events by speculation is not required in the present case.

In Bishop v. Botto, 16 Tenn.App. 178, 65 S.W.2d 834 (1932), cited by defendant, a tenant sued his landlord for injuries from the alleged explosion of gas from an old cistern on the premises. This Court held that there was no evidence to show that the landlord had any reason to know or suspect that the cistern was on the premises and, further, that there was no evidence to show that cistern gas was the more probable cause of the explosion. The expert witness for plaintiff testified, "I just theorized that gas from the cistern, or from some other source, had been ignited by the spark from this axe." These facts are readily distinguishable from those of the present case wherein heavy blasting was admittedly being done by defendant at the time of the damages claimed.

In Kee v. Hill, 51 Tenn.App. 228, 366 S.W.2d 520 (1962), cited by defendant, this Court affirmed a recovery based upon circumstantial evidence, hence the case is no authority for reversing a judgment for the plaintiff in the present case.

Defendant's assignments of error numbered 1, 2 and 3a are respectfully overruled.

■ Defendant's assignment of error numbered 3 is as follows:

"The Court erred in not charging the jury the defendent's special request No. 1 which is as follows:

'Ladies and gentlemen of the Jury, I charge you that you cannot speculate as

to the cause of the damage to the residence of the plaintiff, if the evidence shows that this damage could have been caused by a defective foundation and construction as well as by the blasting by the defendant in its rock quarry, then it would be your duty to find for the defendant and your verdict should be not guilty.'

This is error because the Court in the original was not clear enough and so brief that the jury did not catch it. The Court's original charge was:

'While absolute certainty cannot be expected and is not required you cannot guess or speculate in reaching your verdict on the various issues involved in any case.'

This part of the original charge was not full enough. It should have been plainer to the jury based upon the evidence in the case before the jury."

The authorities cited in support of this assignment have been examined and found not to be controlling in the present case. The principles stated are valid but inapplicable.

In Ledford v. Fisher, 222 Tenn. 661, 439 S.W.2d 781 (1969) the Trial Judge charged the statute but declined to explain certain specifics of its application to the facts of the case. The Supreme Court affirmed.

In Harvey v. Wheeler, 57 Tenn.App. 642, 423 S.W.2d 283 (1967) the appellant complained of the failure to charge special requests which were more detailed and explicit than the charge as given, and this Court held that the failure to charge more specifically was not prejudicial error.

Furthermore, the special request, quoted supra, does not accurately state the law. As stated previously, the fact that one or more other factors *"could have"* caused the damages would not necessarily defeat plaintiff's right to recovery. The words

"as well as" may have been intended to convey the meaning that the other suggested causes were *equally probable* causes, such that no selection of causes could be validly made. The words did not adequately express such meaning and were subject to misinterpretation by the jury.

The third assignment of error is respectfully overruled.

The fourth assignment of error is as follows:

"4. The Court erred in charging the jury as follows:

'Now, this case is based upon the alleged use of dynamite and other explosives by the Defendant, and it's stated that these explosives that were used at the Rock Quarry was the proximate cause of the damage to Plaintiff's residence.'

"The use of the words 'its stated' which we underscored above, are misleading, it sounds like it is telling the jury that it is proven that this was the proximate cause. The jury could have very well thought that the Court was telling them that it was proven this blasting was the proximate cause."

The words "it is stated," without explanation of by whom and how stated, are somewhat amgibuous. However, in view of the charge as a whole, it cannot be said with any degree of certainty that the words affirmatively misled the jury to believe that a fact had been proven when indeed it had not. If the words of the court's charge were deemed ambiguous, it was the duty of counsel to call attention to the inadvertence and to submit a special explanatory charge. Otherwise, in the absence of miscarriage of justice or obvious prejudice, there is no reversible error in the alleged ambiguity. Houser v. Persinger, 57 Tenn.App. 401, 419 S.W.2d 179 (1967).

The fourth assignment of error is respectfully overruled.

The fifth assignment of error is as follows:

> "5. The Court erred in not granting the defendant's motion to take this case from the jury docket and place on the non-jury docket and tried by the Court instead of a jury as the demand for a jury was not made as required by the new Rule 38.03."

Rules 38.03, 38.05 and 39.02 of the Rules of Civil Procedure are as follows:

> "*38.03 Demand—Cases removed to trial court.*—In cases removed by appeal or otherwise to the chancery or circuit courts or to courts of similar jurisdiction, any party may demand a trial by jury of any issue triable of right by jury by filing written demand for jury trial within 10 days after the papers are filed with the clerk. If such a case is set for trial within 10 days after the papers are filed with the clerk, any party may make demand for jury trial when the case is called for trial. In every case removed to the chancery or circuit courts or to courts of similar jurisdiction the clerk shall promptly give notice to the appellee of the filing of the papers."

> "*38.05. Waiver.*—The failure of a party to make demand as required by this rule constitutes a waiver by him of trial by jury. A demand for trial by jury as herein provided may not be withdrawn without the consent of all parties as to whom issues have been joined."

> "*39.02. By the court.*—Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury as to any issue with respect to which demand might have been

made of right, the court in its discretion upon motion may order a trial by jury of any or all issues."

Under the statute, T.C.A. § 27–506, either party is permitted to demand a jury upon the first day of the trial term. Appellee insists that this statutory right remains in spite of the adoption of the new Rules of Civil Procedure and their approval by resolution of the General Assembly. The thorny question thus presented may be pretermitted in this case because of the unequivocal provisions of Rule 39.02, supra, and the action of the Trial Judge in allowing appellee a jury trial.

Appellant insists that Rule 39.02 has application only where one party has timely demanded a jury upon some, but not all, of the issues. The plain words of 39.02 give the Trial Judge discretionary power to allow a trial by jury regardless of previous default in demand. This provision does not give a party *the right* to a jury trial after his failure to make timely demand. It does deny the opposite party the right to a non-jury trial if the Trial Judge exercises his discretion under Rule 39.02 and allows a jury trial. The waiver provided by 38.05 may terminate the right to trial by jury, but it does not confer upon the opposite party any right to a trial without a jury.

The fifth assignment of error is respectfully overruled.

Each assignment has been examined and has been found not to require reversal.

The judgment of the Trial Court is affirmed. The costs of this appeal are adjudged against the defendant-appellant.

Affirmed.

SHRIVER, P. J., and PURYEAR, J., concur.